Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the Hustings-court of the city of Richmond, convicting the plaintiff in error, Mahala Johnson, of grand larceny, and sentencing her to confinement in the penitentiary for five years. The offence for which she was prosecuted is declared by the Code, chapter 192, section 14, as amended and re *556 enacted, first by the act passed February 20, 1866, Acts of 1865-6, p. 89, chap. 23, and again by the act passed March 1, 1867, acts of 1866-67, p. 709, chap. 283, which is in these words:
“ § 14. If any person steal from the person of another money or other thing, of the value of five dollars or more, he shall be guilty of grand larceny, and be confined in the penitentiary for a period not less than five nor more than ten years.”
The indictment strictly pursued the terms of the statute, and was good in form and substance. It charged the larceny of divers notes of the national currency of the United States, the same being United States treasury notes, the number and denomination of which were to the grand jurors unknown, for the payment of divers sums of money, in the whole amounting to the sum of six dollars, and of the value of six dollars; and divers other notes, &c. (describing them differently), the property and notes of one Alfred Jasper, the said sum of six dollars, &c., being then and there due and unsatisfied to the said Alfred Jasper, from the person and against the will of the said Alfred Jasper.
The jury found the accused guilty, and ascertained the term of her confinement in the penitentiary at five years. She moved the court to set aside the verdict and grant her a new trial, upon the ground that the verdict was contrary to the law and the evidence; which motion the court overruled; and she excepted to the opinion of the court.
The facts proved on the trial are certified in the bill of exceptions, and are as follows: “That Alfred Jasper was standing upon Cary street, in the city of Richmond, and was holding some money, six dollars, in his open hand, and was counting it, add that Mahala Johnson,the prisoner, came by and took the money out of uis baud *557 and walked oft'; lie asked lier for it and several times begged her to return it to him as she walked off; that no force beyond what was necessary to withdraw the money was used; and that finding she would not return the monej7, and wishing to keep the peace, he went immediately to the station-house near by and got a warrant for her arrest, which was shortly afterwards executed upon the prisoner.”
The only error in the j udgment assigned in the petition for a writ of error is, that, by the laws of Virginia, the offence of which the prisoner stands convicted cannot be considered larceny from the person. “ Tor in this State ” (she proceeds to say in her petition) “ that offence is divided into two classes, viz: ‘privately stealing,’ and ‘open and violent assault, commonly called robbery.’ And your petitioner is advised that the statute under which she was indicted was not designed for such cases as the one of which she was convicted, but for the cases of those commonly known as ‘pickpockets,’ who properly come under the first class mentioned, i. e., ‘privately stealing.’ ”
There is no such offence known to the law of Virginia as “ private ” stealing, from the person of another or otherwise. The law makes no distinction between private and public stealing, except that robbery must, of necessity, be committed publicly. But it is not pretended that the offence in this case was robbery, and therefore nothing further need be said here as to the nature of that crime. There is nothing in our law on the subject of “pickpockets.” The law on which this prosecution is founded uses plain language: “ If any person steal from the person of another money or other thing,” &c. The charge here is in the very words of the statute, of stealing “ from the person of another,” and the proof corresponds literally with this charge in regard to stealing from the person of *558 another. It is, that money to the amount aud value of six dollars, belonging to the prosecutor, and in his hands, was, by the prisoner, taken therefrom and carried away. Whether she did it animo furandi or not was a question which belonged to the jury, and they decided it against the prisoner, and the court below refused to set aside their verdict.
There is a similar statute to ours in Massachusetts against “stealing from the person of another,” from which, probably, our statute was taken, in defiuiug the offence. That statute was construed by the Supreme court of that State in the Commonwealth v. Dimond, 3 Cush. R., 235, in which it was held, that “'to constitute the offence of larceny ‘by stealing from the person,’ within the Rev. Sts., c. 126, § 16, it is not necessary that the taking should be either openly or violently, or privily and fraudulently; but if it be with the knowledge, though without the dissent or resistance of the owner, the offence is equally committed, provided the taking be with an intention, on the part of the offender, to deprive the owner of his property.” Shaw, C. J., delivered the opinion of the court in that case, in which “it was argued that the act of the defendant, although admitted to be a larceny, is not a stealing from the person, within the meaning of the statute, and that, to make it a stealing from the person, it must either be done openly and against the consent of the party, or privily and without his knowledge. But it must be considered,” said the Chief Justice, “ that the law is somewhat altered in terms in the revised statutes, from the pre-existing law in the statute of 1804, c. 143, § 8, in which the words are: ‘larceny from the person of another, either openly and violently, or privily and fraudulently,’ implying that the act must be the one or the other. The language of the Revised Statutes, c. 126, § 16, is simply: ‘larceny by stealing from the person *559 of another.’ The case is within the letter of the present L statute, and the court are of opinion that it is equally within its spirit and purpose.”
That case goes further than ours in support of the view which we have presented; for there the old statute on the subject had been different in its terms, and it was argued that while the terms were altered the substance was not intended to be changed. If this case had occurred under the Massachusetts law no question would have been raised as to its coming within the statute, as the offence here was committed openly and against the consent of the party. The great question in that case was, whether the act could be said to be done against the consent of the owner, when the evidence only was that he did not express any assent or dissent.
But this very question has already, in effect, been decided by this court, in refusing a writ of error to a j udgment which was rendered by the Corporation court for the city of Lynchburg on the 12th day of April 1878, in the ease of the Commonwealth against Hardwieke. The accused in that case was indicted under the statute in question for grand larceny in stealing a five-dollar note, the property of John Brooks, from the person of the said John Brooks, and was found guilty. A motion was made to set aside the verdict and grant a new trial; which was overruled, and a bill of exceptions was taken to the opinion of the court. It appeared from the facts proved on the trial, which were certified in the bill, that while the said Brooks was holding in his hand a five-dollar note which he was showing to the accused, the latter seized it and ran off with it; that the said Brooks pursued the prisoner, and with the aid of a policeman, whom he happened to meet in the street, he captured the . accused and recovered the money. The accused applied *560 to this court for a writ of error to the judgment; and the principal error assigned in his petition was, that the offence proved was not such a one as the statute contemplated, it being contended that the statute was intended to apply only to pickpockets or to those who steal from the person of another secretly. But this court unanimously refused to grant a writ of error in the case.
If, therefore, the error assigned in the petition were the only ground for reversing the judgment we would have to affirm it. But, after this ease had been submitted to the decision of the court upon the petition, the counsel for the plaintiff in error appeared in court, and in the presence of the attorney-general, assigned, ore ienus, an additional error in the judgment, viz: that the subject charged in the indictment to have been stolen consists of United States treasury notes and Uational Bank notes, whereas the subject stolen, as described in the certificate of facts contained in the bill of exceptions, was money, six dollars; it not appearing from the said certificate that the said money was such money as is described in the indictment; and, therefore, the jury were not warranted by the facts proved in finding a verdict against the prisoner. We have considered this additional assignment of error, and think it ought to be sustained. It is very probable that the money referred to in the certificate of facts was not specie, but consisted of such notes as are described in the indictment; and that the omission to certifyjthat fact proceeded from a mere oversight, arising from an idea of the court that the only object of the prisoner in taking the bill of exceptions was to bring up to this court for decision the question presented by the petition for a writ of error. However that may be, the bill of exceptions purports to contain a certificate of all the facts proved on the trial; and we can look only to- *561 that certificate to ascertain what facts wore so proved. Looking to that certificate for the facts, it does not appear that the offence proved by the evidence was the same offence charged in the indictment.
"We are therefore of opinion that upon that ground the court below ought to have set aside the verdict and granted a new trial, and that for not having done so the judgment is erroneous and ought to be reversed, the verdict set aside, and the cause remanded for a new trial to be had therein.
The judgment was as follows:
The court is opinion, for reasons stated in writing and filed with the record, that to constitute the offence of grand larceny in stealing from the person of another money or other thing of the value of five dollars or more, created by the Code, chapter 192, section 14, as amended and re-enacted, first by the act passed February 20,1866 (Acts of 1865-6, p. 89, chap. 28), and again by the act passed March 1, 1867 (Acts of 1866-7, p. 709, chap. 283), it is not necessary that the thing shall be stolen privately. But the court is further of opinion that as it does not appear from the facts certified in the bill of exceptions, that the subject proved to have been stolen by the plaintiff in error from the person of another in this case consisted of United States treasury notes or national bank notes, which are the subject charged in the indictment to have been stolen, there is an apparent variance between the allegata and the probata, and the judgment is, on that ground, erroneous. Therefore it is considered that the same be reversed and annulled; and it is ordered that the verdict of the jury be set aside and the cause remanded for a new trial to be had therein.
*562 Which is ordered to be certified to the said Hustings & court of the city of Kichmond.
T JUDGMENT REVERSED.